# Hinckley & Heisenberg LLP

445 Hamilton Ave., Suite 1102
White Plains, New York 10601

george@hinckley.org                                                                                   Direct Tel.: (917) 312-7239

> The Court is in receipt of the endorsed letter. For the reasons discussed during the case management conference held before this Court on April 3, 2025, Plaintiff's request is DENIED. The Clerk of Court is respectfully directed to terminate ECF No. 8. SO ORDERED.
>
> Dale E. Ho
> United States District Judge
> Dated: April 3, 2025
> New York, New York

Via ECF
Hon. Dale E. Ho, USDJ
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

          Re: Michael D. Young v. JPMorgan Chase Bank, N.A.
          Docket No.: 1:25-cv-02318-DH

Dear Judge Ho,

We represent the Plaintiff Michael D. Young and his wife Debra L. Raskin and are writing in response to the letter motion of today's date [Doc. No. 6] by defendant JPMorgan Chase Bank, N.A ("Chase"), addressed to Judge Abrams prior to reassignment.

This is an action regarding three checks that Plaintiff, who has been a Chase customer for over 30 years, wrote to the IRS and the New York State and City tax authorities, totaling $177,129.00. The checks were personally deposited by Mr. Young into a USPS mailbox. The checks were obtained by persons unknown, the payee and memo line were altered, and the checks were cashed by Chase. Although the checks were not "properly payable" under UCC-4-401, Chase nevertheless has debited Plaintiff's account. Chase was promptly notified after the alterations were discovered, within the 1-year period of UCC-4-406.

A Summons with Notice was filed on February 17, 2025, and a courtesy copy was sent by me via email to an Assistant General Counsel at Chase, who confirmed receipt, on the same day it was filed. Plaintiff served Chase personally on February 21, 2025 and I again provided Chase via email with a copy of the affidavit of service the same day it was filed with the New York Supreme Court. Chase did not respond within 20 days as required, so on March 17, 2025 Plaintiff applied to the New York County Clerk for a default judgment.

Although Chase has now removed the case, it is still in default. "[A] federal court to which a state action is removed takes the action in the posture in which it existed when removed from a state court's jurisdiction and must give effect to all procedures accomplished in a state court prior to removal." *Iadevaio v. LTD Fin. Servs., L.P.,* No. 17-CV-4112, 2019 WL 4094922, at *5 (E.D.N.Y. Aug. 29, 2019) (internal quotations omitted).

Plaintiff submits that Chase should be required to make a motion to vacate entry of default under Federal Rule of Civil Procedure 55(c), and make the required showing of "good cause." The

Second Circuit has instructed that on such a motion, district courts should consider principally "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

Plaintiff does not believe that Defendant can make the required showing. First, the default was both willful and strategic. Not only was Defendant personally served, but Chase's Assistant General Counsel received a copy of the Summons With Notice by email *before* it was even served, and he confirmed receipt. He was also provided with an email copy of the affidavit of service when filed. Chase appears to have willfully and intentionally ignored its obligation to respond, knowing that it intended to remove.

Second, we do not believe that Chase can present a meritorious defense. This is a simple case. The checks were plainly not "properly payable." Chase may not debit a consumer's account for such an item under UCC-4-401. Further, Chase was promptly notified after the alterations were discovered, within the 1-year period of UCC-4-406. (In addition, Chase ignored numerous red flags with the checks, such as the fact that they had Plaintiff's social security number written on them, which is required by the tax authorities, but unusual otherwise. The memo line was also altered to refer to payment of back rent, and Mr. Young and Ms. Raskin are a retired couple, not landlords.)

Plaintiff therefore respectfully requests that the Court direct Defendant that if it wishes to proceed, it should to make a motion to vacate entry of default under FRCP 55(c). See, e.g. *Boster v. Braccia*, 06-CV-4756 (JG) (RER) (E.D.N.Y. Mar. 6, 2007). To do otherwise would reward Chase's intentional disregard of its obligations under New York law.

Respectfully submitted,

*George Hinckley Jr.*

George R. Hinckley, Jr.